UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| KELLY J. CLARKE,<br><br>            Plaintiff,<br><br>v.<br><br>ARENA FOOD SERVICES, INC.,<br><br>            Defendant. | Case No. 12-2312 |

REPORT AND RECOMMENDATION

In December 2012, Plaintiff Kelly J. Clarke, acting *pro se*, filed a Complaint of Employment Discrimination (#9) against Defendant Arena Food Services, Inc., in the United States District Court for the Northern District of Illinois. The case was subsequently transferred to the Central District of Illinois because the events occurred in Kankakee County, Illinois. In March 2013, Defendant filed Combined Motions To Dismiss and Affirmative Defenses (#16). Plaintiff subsequently filed a Response to Defendant's Motions To Dismiss and Affirmative Defenses (#17).

After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Combined Motions To Dismiss and Affirmative Defenses (**#16**) be **GRANTED** in part and **DENIED** in part.

I.  Background

The following background is taken from the complaint. In November 2010, Plaintiff filed charges against Defendant with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission (EEOC). (#9, ¶ 7.1(a)(ii).) In August 2012, the EEOC issued a Notice of Right To Sue. Plaintiff alleges that Defendant discriminated against her because of her race in violation of Title VII of

the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by failing to stop harassment and retaliating against her because she asserted her legal rights. (#9, ¶ 12.) Specifically, Plaintiff alleges that Black supervisors harassed her and that when she reported it, she was told, "Blacks have more rights [than she does]." (#9, ¶ 13.)

## II. Standard of Review

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Seventh Circuit court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court reaffirmed this standard, stating that, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl.*, 550 U.S. at 562

(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). However, a plaintiff is "'not required to plead with precision legal theories or detailed facts.'" *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 567 (7th Cir. 2012) (quoting *Benuzzi v. Bd. of Educ. of Chi.*, 647 F.3d 652, 664 (7th Cir. 2011)).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks omitted); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court can excuse "pro se litigants. . . from full compliance with technical procedural rules provided there is substantial compliance." *Norfleet v. Walker*, 684 F.3d 688, 691 (7th Cir. 2012). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Nevertheless, the Court need not accept as true legal conclusions and assertions masquerading as facts. *See Iqbal*, 556 U.S. at 678.

### III. Analysis

Defendant argues that the Court should dismiss Plaintiff's claim because (1) the statute of limitations has run, and (2) Plaintiff has failed to state a claim. Alternatively, Defendant asks the Court to grant its motion for a more definite statement.

### A. Defendant's Motion To Dismiss by Affirmative Defense of Expiration of Statute of Limitation Under Rule 8(c)(1)

Defendant first argues that the Court should dismiss Plaintiff's complaint because she filed the complaint after the end of the ninety-day statute of limitations.

After receiving a Notice of Right To Sue, a plaintiff has ninety days to file suit. 42 U.S.C. § 2000e-5(f)(1). Pursuant to Federal Rule of Civil Procedure 6(d), a party is allowed an additional three days after the time period would otherwise expire to accommodate the mailing period. Federal Rule of Civil Procedure 6(a)(1) provides that

3

the day of the event that triggers the running of the time period does not count, and if the time period ends on a Saturday, Sunday, or legal holiday, the time period ends at the end of the next day that is not a Saturday, Sunday, or legal holiday.

In this case, the Notice of Right To Sue was mailed on Thursday, August 30, 2012. The mailing was the triggering event, so the first day counted is Friday, August 31, 2012. *See* FED. R. CIV. P. 6(a)(1)(A). Ninety days from August 31, 2012 is Thursday, November 29, 2012. An additional three days to account for mailing (*see* FED. R. CIV. P. 6(d)), would extend the time period to Sunday, December 2, 2012. Because December 2, 2012, is a Sunday, the time period is extended to the end of the day on Monday, December 3, 2012. *See* FED. R. CIV. P. 6(a)(1)(C). Plaintiff filed her suit on Monday, December 3, 2012, the last day of the limitations period.

Because Plaintiff filed her complaint before the expiration of the limitations period, the Court recommends denying Defendant's Motion To Dismiss By Affirmative Defense of Expiration of Statute of Limitations Under Rule 8(c)(1).

### B. Motion To Dismiss by Rule 12(b)(6)

Defendant next argues that the Court should dismiss the complaint because Plaintiff has failed to state a claim. Plaintiff alleged racial discrimination under Title VII, which makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

**1) Plaintiff's discrimination claim**

Discrimination claims generally fall into two categories: (1) claims in which the discrimination or harassment "culminates in a tangible employment action such as discharge, demotion, or undesirable reassignment" (*see Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998) (describing a "tangible employment action" claim in the context of sexual harassment)); and (2) claims in which the discrimination is characterized by a

4

"hostile environment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986) (describing a hostile environment claim in the context of sexual harassment). To be actionable, an alleged hostile environment must be so severe or pervasive that it alters the terms and conditions of the victim's employment. *Id.* at 67.

Plaintiff has not alleged a tangible employment action, so it appears that Plaintiff is alleging a hostile environment claim.[1] In her complaint, Plaintiff alleges as follows: "I was harassed by supervisors (Black) and reported to Gail and Les Savage and told Blacks have more rights then I do. I documented cases over the years signed by fellow employees who witnessed harassament against me by supervisors (Black). Both Black and white employees signed my grivenances." (#9, ¶ 13 [(*sic*)].)

To survive a motion to dismiss, a plaintiff need not allege every element of a prima facie case in the pleadings. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002). However, she must allege enough facts to put the defendant on notice of the claims against him. *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) ("A defendant is owed 'fair notice of what the . . . claim is and the grounds upon which it rests.'") (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff has alleged only that she was "harassed" and subject to "harassment." But "[m]erely alleging that a plaintiff has been subjected to 'harassment' does not put a defendant on notice of the claims asserted against him." *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 940 (S.D. Ind. 2010) (finding that a plaintiff failed to state a claim of hostile environment when he alleged that he was denied promotion and "was subjected to harassment and a hostile work environment by his supervisor . . . because of his race"). Thus, the conclusory language Plaintiff included in her complaint is not sufficient to state

---

[1] To establish a prima facie case of a hostile environment race discrimination claim, a plaintiff must show that "(1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive working environment that seriously affected his psychological well-being; and (4) there is a basis for employer liability." *Hrobowski v. Worthington Steel Co.,* 358 F.3d 473, 476 (7th Cir. 2004).

5

a claim of hostile environment discrimination, even under liberal notice pleading standards.

On the other hand, if Plaintiff did, in fact, intend to allege a discrimination claim based on a tangible employment action, she has failed to state a claim because she did not allege an adverse employment action.

Because Plaintiff has not adequately alleged a discrimination claim based on either hostile environment or a tangible employment action, the Court recommends dismissing the claim with leave to file an amended complaint.  *See Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (stating that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim).

**2) Plaintiff's Retaliation Claim**

Plaintiff's complaint also states that Defendant retaliated against her because she did something to assert rights protected by Title VII.  (#9, ¶ 12(g).)  Thus, it appears that Plaintiff is asserting a claim based on retaliation.

A plaintiff may establish a prima facie case of retaliation based on race using either direct or indirect methods.  "Under the direct approach, a plaintiff must present evidence of: (1) a statutorily protected activity; (2) an adverse action; and (3) a causal connection between the two."  *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006).  Under the indirect method, a plaintiff "must establish a prima facie case of retaliation by offering evidence of the following: (1) that she engaged in protected activity; (2) that she was subject to an adverse employment action; (3) that she was performing her job satisfactorily; and (4) that no similarly situated employee who did not engage in protected activity suffered an adverse employment action."  *Id*. at 759.

Here, Plaintiff has alleged that she complained of racial harassment and/or discrimination to Gail and Les Savage.  However, she did not allege an adverse employment action.  As noted above, a plaintiff need not allege all of the elements of the prima facie case in the pleadings.  *See Swierkiewicz*, 534 U.S. at 510-11.  But without an allegation of an adverse employment action, Plaintiff has failed to state a claim that Defendant retaliated against her because she asserted her legal rights.  Accordingly, the Court recommends dismissing the retaliation claim with leave to amend her complaint.

### C.  Motion for a More Definite Statement Under Federal Rule of Civil Procedure 12(e)

Defendant argues that, if the Court does not dismiss the case under Rule 12(b)(6), then the Court should grant Defendant's motion for a more definite statement.  Because the Court recommends that Plaintiff be allowed to amend her complaint, a more definite statement is unnecessary at this time.  Therefore, the Court recommends denying as moot Defendant's Motion for a More Definite Statement Under Federal Rule of Civil Procedure 12(e).

### IV.  Summary

For the reasons stated above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Combined Motions To Dismiss and Affirmative Defenses (**#16**) be **GRANTED** in part and **DENIED** in part, as follows: This Court recommends that Defendant's Motion To Dismiss by Affirmative Defense of Expiration of the Statute of Limitation Under Rule 8(c)(1) be **DENIED**, that Defendant's Motion To Dismiss by Rule 12(b)(6) be **GRANTED** with leave to amend, and that Defendant's Motion for a More Definite Statement Under FRCP 12(e) be **DENIED** as moot.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will

constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 12th day of July, 2013.

s/DAVID G. BERNTHAL<br>
UNITED STATES MAGISTRATE JUDGE