E-FILED
Wednesday, 21 May, 2014  10:03:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **KELLY J. CLARKE,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**ARENA FOOD SERVICES, INC.,**<br><br>　　　　Defendant. | Case No. 12-2312 |

### REPORT AND RECOMMENDATION

　　　　Defendant Arena Food Services, Inc., has filed a Motion to Dismiss by Rule 12(b)(6) (**#24**). Plaintiff has failed to respond to the Motion. For the reasons outlined below, this Court recommends that Defendant's Motion be **GRANTED** and that Plaintiff's Amended Complaint (#23) be DISMISSED WITH PREJUDICE.

### I.　　　Background

　　　　On December 3, 2012, Plaintiff Kelly J. Clarke, acting *pro se*, filed a Complaint of Employment Discrimination (#9) against Arena Food Services, Inc. alleging harassment and discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 that allegedly occurred in January 2010. Plaintiff's Complaint also made a claim for retaliation. In March 2013, Defendant filed a Combined Motion to Dismiss and Affirmative Defenses (#16). Plaintiff filed a response thereto (#19). This Court's recommendation (#20) that the Motion to Dismiss pursuant to Rule 12(b)(6) be granted was adopted by the District Judge in August 2013 (#21). Plaintiff was afforded leave to amend, and a deadline was set for Plaintiff to file her Amended Complaint on or before August 28, 2013.

　　　　In October 2013, this Court held a status conference with the parties, during which time Plaintiff was granted an extension of time to attempt to obtain counsel and the deadline for filing her Amended Complaint was lifted. In November 2013, at a subsequent status conference,

Plaintiff was given until January 22, 2014, to file her Amended Complaint. In both instances, the Court explained to Plaintiff that in order to state a claim for an adverse employment action, she needed to identify the facts and occurrences that support her claim. In January 2014, Plaintiff filed an Amended Complaint (#23), which appears to allege Employment Discrimination.[1] Defendant has moved to dismiss the Amended Complaint in its second Motion to Dismiss by Rule 12(b)(6) (#24). Any and all responses to the motion were due March 3, 2014. Plaintiff has not responded to the Motion.

Pursuant to Local Rule 7.1(B)(2), if no response to a motion is timely filed, "the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." While this provides the Court an independent reason to grant Defendant's Motion to Dismiss, an examination of the claims on the merits also supports dismissal.

## II. Standard of Review

Defendant seeks dismissal of Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

---

[1] The Court notes that Plaintiff has not renewed her claim for retaliation. Even if she did intend to renew it, however, the only possible adverse employment action she alleges is constructive discharge. Plaintiff has not provided any factual basis for this conclusion. Therefore, this claim, if intended to be presented, would also be subject to dismissal for failure to state a claim.

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings. *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. While a complaint filed by a plaintiff proceeding *pro se* is held to less stringent standards than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a defendant is still "owed 'fair notice of what the … claim is and the grounds upon which it rests,'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and the Court need not accept as true legal conclusions and assertions masquerading as facts, *see Iqbal*, 555 U.S. at 678.

### III. Analysis

Defendant argues that Plaintiff fails to allege facts to support a claim for which relief can be granted. In particular, Defendant argues that Plaintiff has failed to allege an adverse employment action or to present any new facts or allegations in the Amended Complaint.

Discrimination claims generally fall into two categories: (1) claims in which the discrimination or harassment "culminates in a tangible employment action such as discharge, demotion, or undesirable reassignment," *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); and (2) claims in which the discrimination is characterized by a "hostile environment," *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986). To be actionable, an alleged hostile environment must be so severe or persuasive that it alters the terms and conditions of the victim's employment. *Meritor Savings*, 477 U.S. at 67.

In its previous Report and Recommendation, this Court concluded that, because Plaintiff had not alleged a tangible employment action, Plaintiff was attempting to allege a hostile environment claim. This Court then concluded that the conclusory language Plaintiff included in her Complaint (alleging that she was "harassed by supervisors (Black)" and was "told Blacks

3

have more rights than [she did]") was insufficient to state a claim for failure to put Defendant on notice of the specific facts that supported her claim.

In her Amended Complaint, Plaintiff again claims that she filed complaints of discrimination and harassment with Les Savage, that Mr. Savage told her that "Blacks have more rights" than she does, and that no action was taken by her superiors when she put her complaints in writing. She alleges that she was subject to "verbal abuse and a hostile work environment" and "had to quit" because of this harassment. The Amended Complaint does not supplement these conclusions with any tangible facts, and fails to meet the liberal notice pleading standard by failing to put the Defendant on notice of the grounds upon which the claim rests. Therefore, Plaintiff's Amended Complaint fails to state a claim of hostile environment discrimination.

Similarly, although Plaintiff alleges she "had to quit," and constructive discharge constitutes an adverse employment action, *Fisher v. Avanade, Inc.*, 519 F.3d 393, 408 (7th Cir. 2008), she fails to allege any facts in support of this assertion. Therefore, Plaintiff also fails to state a discrimination claim based on a tangible employment action.

On January 30, 2014, this Court held a Status Conference with the parties. At that time, the Court again asked Plaintiff if she could state an example of the "harassment" of which she complained. Plaintiff was unable to provide this Court with any factual basis for her harassment claims. This Court has repeatedly allowed Plaintiff additional time to find counsel and has afforded her multiple opportunities, both written and oral, to support her allegations with facts. Plaintiff has repeatedly failed to do so. Therefore, this Court recommends that Plaintiff's Amended Complaint be dismissed with prejudice.

### IV.    Summary

For the reasons stated above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss by Rule 12(b)(6) (**#24**) be **GRANTED** and that Plaintiff's Amended Complaint (#23) be DISMISSED WITH PREJUDICE.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 21st day of May, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE
